UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

KAREN DI PIAZZA, Individually and as    §
Mother to CORBIN JAEGER and as Personal  §
Representative of the Estate of CORBIN LEE  §
JAEGER, Deceased,                     §
                                       §
     Plaintiff,                §
                                       §    Civil No. 5:19-cv-0060-C
v.                                  §
                                       §
WEATHER GROUP TELEVISION, LLC    §
dba THE WEATHER CHANNEL, et al.    §
                                       §
     Defendants.            §

## DEFENDANT KEITH DANIELS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RANDALL D. YARNALL'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Keith Daniels, as Personal Representative of the Estate of Randall D. Yarnall, or alternatively, the Estate of Randall D. Yarnall, one of the named Defendants in the above entitled and numbered cause, and files this his answer to Plaintiff's original complaint and would respectfully show the Court the following:

## RESPONSES TO NUMBERED PARAGRAPHS

1.    Admitted this is generally what is being claimed by the Plaintiff.

2.    This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.

3.      Admitted.

4.      Defendant is without sufficient knowledge or information to either admit or deny paragraph 4 as to whether complete diversity exists.

5.      Admitted.

6.      Defendant is without sufficient knowledge or information to either admit or deny paragraph 6.

7-22.   Defendant is without sufficient knowledge or information to either admit or deny paragraphs 7-22 as they pertain to the particular entities. However, it is denied that Randall Yarnell was an employee or agent of any of these entities, much less an employee and/or agent of some or all these entities.

23.     Admitted.

24.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.  As to the TWC Defendants, this Defendant is without sufficient knowledge or information to either admit or deny these allegations.

25.     Defendant is without sufficient knowledge or information to either admit or deny paragraph 25.

26.     While it is admitted there is a conflict of law between Arizona and Texas on these particular issues, it is Denied that Arizona law should be applied.

27.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.

28.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.  Specifically, it is denied as it is unclear what capacities the pleading is describing. It is admitted they were in the process of filming, or attempting to film, severe weather. This Defendant is without sufficient knowledge or information to either admit or deny these allegations concerning as to where the live stream was being shown. Otherwise, admit the you tube channel generally shows what is described and speaks for itself.

29.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.  It is specifically denied that Williams and Yarnell were employees of the TWC entities. Otherwise, this Defendant without sufficient knowledge or information to either admit or deny the remaining allegations.

30.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.  The video will speak for itself. Otherwise, this Defendant without sufficient knowledge or information to either admit or deny the remaining allegations.

31.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.  It is unclear what the pleading means by "obstructed" or "dangerously limited the field of vision" so these allegations are denied. This Defendant without sufficient knowledge or information to either admit or deny the allegations of who paid for the equipment or what Williams

might have said on a podcast. And, it is unclear just what Williams was referring to concerning his view being better than the window, so to the extent this is an allegation, it is denied.

32.     Admit Yarnall used such equipment, but denied as to dangerously obstructing his view. This Defendant is without sufficient knowledge to admit or deny who paid for the equipment.

33.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.

34.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.

35.     This Defendant without sufficient knowledge or information to either admit or deny the allegations.

36.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.

37.     It is unclear as to whether this situation means that TWC used the Suburban as a mobile broadcasting studio, or just what is meant as to that statement, therefore this part of the paragraph is denied. Otherwise, the video will speak for itself.

38.     Denied.

39.     This Defendant without sufficient knowledge or information to either admit or deny the allegations. Otherwise, the press release will speak for itself.

40.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations.

41.     Defendant is without sufficient knowledge or information to either admit or deny these allegations concerning insurance. Otherwise, the videos will speak for themselves.

42.     Defendant is without sufficient knowledge or information to either admit or deny these allegations.

43.     Defendant is without sufficient knowledge or information to either admit or deny paragraph 43.

44.     Defendant is without sufficient knowledge or information to either admit or deny paragraph 44.

45.     Defendant is without sufficient knowledge or information to either admit or deny paragraph 45.

46.     Defendant is without sufficient knowledge or information to either admit or deny paragraph 46.

47.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations. Otherwise, Defendant is without sufficient knowledge or information to either admit or deny paragraph 47.

48.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally

denies all allegations. Otherwise, Defendant is without sufficient knowledge or information to either admit or deny paragraph 48.

49.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations. Otherwise, Defendant is without sufficient knowledge or information to either admit or deny paragraph 49.

50.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations. Otherwise, Defendant is without sufficient knowledge or information to either admit or deny what TWC knew or did not know at any given time.

51.     Admit this is what Plaintiff is claiming to do.

52.     This paragraph is in a narrative format making it difficult for Defendants to address Plaintiff's allegations.  Accordingly, pursuant to Tex. R. Fed. Proc. 8(b)(3), Defendant generally denies all allegations. Otherwise, Denied that all Defendants acted negligently, grossly negligent and/or with malice.

a.      Denied as to TWC Defendants operating a motor vehicle

b.      Denied as to TWC Defendants operating a motor vehicle.

c.      Denied.

d.      Denied.

e.      Defendant is without sufficient knowledge or information to either admit or deny paragraph 52(e).

f.      Defendant is without sufficient knowledge or information to either admit or deny paragraph 52(f).

g.      Defendant is without sufficient knowledge or information to either admit or deny paragraph 52(g).

53.    Denied.

54.    Admit this is what Plaintiff is claiming to do.

55.    Admitted.

56.    Defendant is without sufficient knowledge or information to either admit or deny paragraph 56

57.    Admitted.

58.    Denied.

59.    Admit that Texas Law allows a claim for personal injuries.

60.    Denied.

61.    Admit this is what Plaintiff is claiming to do.

62.    Admitted.

63.    Admitted.

64.    Denied.

65.    Denied.

66.    Denied.

a.      Denied.

b.      Defendant is without sufficient knowledge or information to either admit or deny paragraph 66(b).

DEFENDANT KEITH DANIELS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF
RANDALL D. YARNALL'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Page **7** of **9**

    c.      Denied.

    d.      Defendant is without sufficient knowledge or information to either admit or deny paragraph 66(d).

    e.      Denied.

    f.      Admit the estate is entitled to recover these expenses upon a finding of fault.

    g.      Denied.

    h.      Denied.

    i.      Admit entitled to prejudgment interest as allowed by law upon a finding of fault and an award of certain, but not all actual damages, such as future damages.

    j.      Admit entitled to post-judgment interest as allowed by law upon a finding of fault and an award of certain, but not all actual damages.

67.    Admit this is what Plaintiff is seeking by this pleading.

68.    Admitted as to this Defendant.

69.    Admitted.

Prayer.  Denied as to the damages and amount claimed.

PRAYER

WHEREFORE, HAVING ANSWERED HEREIN, Defendant Keith Daniels, as Personal Representative of the Estate of Randall D. Yarnall, or alternatively, the Estate of Randall D. Yarnell, prays that the true facts be ascertained, that he be relieved from any and all liability in connection with this lawsuit, he be discharged with his costs, and for such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,


BY:  /s/ Robert B. Wagstaff

       **Robert B. Wagstaff**
       **Attorney-in-Charge**
       **State Bar No. 20665000**
       **rwagstaff@mcmahonlawtx.com**

MCMAHON SUROVIK SUTTLE, P.C.
P.  O.  Box 3679
Abilene, TX   79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

ATTORNEYS FOR DEFENDANT
KEITH DANIELS, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF RANDALL D. YARNALL


## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument was filed electronically with the Court's electronic filing system on this 3rd day of May, 2019, in accordance with the Federal Rules of Civil Procedure and LR 5.1 of the Northern District of Texas.


        /s/ Robert B. Wagstaff

       **Robert B. Wagstaff**