UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS, LUBBOCK DIVISION

| | | |
|---|---|---|
| KAREN DI PIAZZA, INDIVIDUALLY AND AS | § | |
| MOTHER TO CORBIN JAEGER AND AS | § | |
| PERSONAL REPRESENTATIVE OF THE ESTATE | § | |
| OF CORBIN LEE JAEGER, DECEASED, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CAUSE NO. 5-19CV00060-C |
| | § | |
| WEATHER GROUP TELEVISION, LLC DBA THE | § | |
| WEATHER CHANNEL, A GEORGIA LIMITED | § | |
| LIABILITY COMPANY, et al., | § | |
|     Defendants | § | |

**DEFENDANT SHEENA BITTLE, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF KELLEY GENE WILLIAMSON'S, ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SHEENA BITTLE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KELLEY GENE WILLIAMSON, a Defendant in the above-entitled and numbered cause and files this, her Answer and Affirmative Defenses in response to Plaintiff's Second Amended Complaint and would respectfully show the Court the following:

**I.**

1.      As for ¶ 1 of Plaintiff's Second Amended Complaint, other than admitting that Williamson died as a result of the collision, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations; therefore, Defendant makes no response or, in the alternative, denies the remaining allegations.

2.      As for ¶ 2 of Plaintiff's Second Amended Complaint, other than admitting that Williamson died as a result of the collision, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining factual allegations; therefore, Defendant makes no response

or, in the alternative, denies the remaining allegations.

3.      As for ¶ 3 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

## II.

4.      As for ¶ 4 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

5.      As for ¶ 5 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. To the extent jurisdiction pursuant to 28 U.S.C. § 1332 may be satisfied, Defendant admits that venue is proper in the United States District Court, Northern District of Texas, Lubbock Division.

## III.

6.      As for ¶ 6 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

7.      As for ¶ 7 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

8.      As for ¶ 8 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

9.      As for ¶ 9 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response.

10.     As for ¶ 10 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

11.     As for ¶ 11 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

12.     As for ¶ 12 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

13.     As for ¶ 13 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

14.     As for ¶ 14 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

15.     As for ¶ 15 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes

no response, or, in the alternative, denies the allegations.

16.     As for ¶ 16 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

17.     As for ¶ 17 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

18.     As for ¶ 18 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

19.     As for ¶ 19 of Plaintiff's Second Amended Complaint, Defendant admits that she has been served.

20.     As for ¶ 20 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

21.     As for ¶ 21 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. To the extent it makes factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

22.     As for ¶ 22 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is

required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. To the extent it makes factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

23.     As for ¶ 23 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. To the extent it makes factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, Defendant makes no response, or, in the alternative, denies the allegations.

24.     As for ¶ 24 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments; therefore, Defendant makes no response or, in the alternative, denies the allegations.

25.     As for ¶ 25 of Plaintiff's Second Amended Complaint, no response is necessary.

**IV.**

26.     As for ¶ 26 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

**V.**

27.     As for ¶ 27 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

28.     As for ¶ 28 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

29.     As for ¶ 29 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

30.     As for ¶ 30 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

31.     As for ¶ 31 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

32.     As for ¶ 32 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

33.     As for ¶ 33 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations;

therefore, Defendant makes no response or, in the alternative, denies the allegations.

34.    As for ¶ 34 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

35.    As for ¶ 35 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

36.    As for ¶ 36 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

37.    As for ¶ 37 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

38.    As for ¶ 38 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

39.    As for ¶ 39 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

40.     As for ¶ 40 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

41.     As for ¶ 41 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

42.     As for ¶ 42 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

43.     As for ¶ 43 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

44.     As for ¶ 44 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

45.     As for ¶ 45 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

46.     As for ¶ 46 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

47.     As for ¶ 47 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

48.     As for ¶ 48 of Plaintiff's Second Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

49.     As for ¶ 49 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

50.     As for ¶ 50 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

**VI.**

51.     As for ¶ 51 of Plaintiff's Second Amended Complaint, to the extent it incorporates

Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. To the extent it incorporates Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

52.    As for ¶ 52 of Plaintiff's Second Amended Complaint, because it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

53.    As for ¶ 53 of Plaintiff's Second Amended Complaint, because it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

54.    As for ¶ 54 of Plaintiff's Second Amended Complaint, to the extent it incorporates Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. To the extent it incorporates Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

55.    As for ¶ 55 of Plaintiff's Second Amended Complaint, because it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

56.     As for ¶ 56 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

57.     As for ¶ 57 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

58.     As for ¶ 58 of Plaintiff's Second Amended Complaint, because it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

59.     As for ¶ 59 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

60.     As for ¶ 60 of Plaintiff's Second Amended Complaint, Defendant is not required to respond to Plaintiff's allegations of damages. To the extent ¶ 60 states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

61.     As for ¶ 61 of Plaintiff's Second Amended Complaint, to the extent it incorporates Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. To the extent it incorporates Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

62.     As for ¶ 62 of Plaintiff's Second Amended Complaint, because it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

63.     As for ¶ 63 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same. As for Plaintiff's factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations; therefore, Defendant makes no response or, in the alternative, denies the allegations.

64.     As for ¶ 64 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is

required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

65.     As for ¶ 65 of Plaintiff's Second Amended Complaint, Defendant is not required to respond to Plaintiff's allegations of damages. To the extent ¶ 65 states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

66.     As for ¶ 66 of Plaintiff's Second Amended Complaint, Defendant is not required to respond to Plaintiff's allegations of damages. To the extent ¶ 66 states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

67.     As for ¶ 67 of Plaintiff's Second Amended Complaint, Defendant is not required to respond to Plaintiff's allegations of damages. To the extent ¶ 67 states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions, or, to the extent necessary, denies same.

68.     As for ¶ 68 of Plaintiff's Second Amended Complaint, to the extent it states Plaintiff's legal conclusions or characterizations, which are not allegations, no responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response to such conclusions.

69.     As for ¶ 69 of Plaintiff's Second Amended Complaint, no response is required.

## PLAINTIFF'S PRAYER

As for the Prayer of Plaintiff's Second Amended Complaint, Plaintiff's prayer for relief

does not contain allegations to which a responsive pleading is required by Fed. R. Civ. P. 8(b); therefore, Defendant makes no response, or, to the extent necessary, denies same.

## VII.
## AFFIRMATIVE DEFENSES

1.      Unless specifically admitted or an otherwise qualified response has been provided, Defendant denies each averment in Plaintiff's Second Amended Complaint.

2.      Defendant affirmatively asserts that in the event that Plaintiff should prevail in this case and be awarded less than the jurisdictional minimum amount, costs should be imposed on Plaintiff, pursuant to 28 U.S.C. § 1332(b).

3.      Defendant affirmatively asserts the bar to exemplary damages for the criminal acts of another, pursuant to Tex. Prac. & Rem. Code § 41.005(a).

4.      Defendant affirmatively asserts the limitation on the amount of recovery of exemplary damages, pursuant to Tex. Prac. & Rem. Code § 41.008(b).

5.      Defendant affirmatively asserts the defense of contributory negligence, or proportionate responsibility, pursuant to Tex. R. Civ. P. § 33.001 *et seq.*

6.      To the extent it may be necessary, Defendant asserts the affirmative defense of contribution under Tex. Civ. Prac. & Rem. Code § 32.001 *et seq.*

## VIII.
## DEFENDANT'S PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant SHEENA BITTLE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KELLEY GENE WILLIAMSON prays that the Plaintiff takes nothing by her suit, that Defendant be awarded any and all costs and expenses to which she is justly entitled, including attorney's fees, and for such other and further

relief, both at law and in equity, to which Defendant may be justly entitled, and that a judgment be entered accordingly by this Court.

Respectfully submitted,

*/s/ Mark W. McBrayer*

_____

Mark W. McBrayer
Texas Bar No. 24038036
mmcbrayer@cdmlaw.com
CRENSHAW, DUPREE & MILAM, L.L.P.
4411 98th Street, Suite 400 (79424)
P. O. Box 64479
Lubbock, Texas 79464-4479
(806) 762-5281
(806) 762-3510 (fax)
***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2019, I electronically filed the foregoing document with the clerk of the court for the Northern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Robert A. Ball
rball@robertballapc.com
John M. Donnelly
jdonnelly@robertballapc.com
LAW OFFICES OF ROBERT A. BALL
225 Broadway, Suite 2220
San Diego, California 92101
Tel. 619-234-3913
Fax. 619-234-4055

Benjamin H. Davidson, II
bdavidson@mhbg.com
Mary Kathleen Davidson
kdavidson@mhbg.com
McCLESKY HARRIGER GRAZILL &
GRAD LLP
5010 University Ave., Suite 500
Lubbock, Texas 79413
Tel. 806-796-7306

***ATTORNEYS FOR PLAINTIFF KAREN DI PIAZZA,***
***Individually and as Natural Mother to CORBIN JAEGER***
***and as Executor/Administrator/Representative of the***
***Estate of CORBIN JAEGER, DECEASED***

Douglas D. Fletcher
doug.gletcher@fletcherfarley.com
David C. Colley
david.colley@fletcherfarley.com
Gerardo E. Alcantara
jerry.alcantara@fletcherfarley.com
Richard G. Miller
richard.miller@fletcherfarley.com
FLETCHER FARLEY SHIPMAN & SALINAS LLP
9201 n. Central Expressway, Suite 600
Dallas, Texas 75231
*Attorneys For Defendants Weather Group Television,*
*LLC d/b/a the Weather Channel, Weather Group, LLC,*
*The Weather Channel Interactive, LLC, Entertainment*
*Studios, Inc., CF Entertainment, Inc., Entertainment Studios*
*Network, Inc., Entertainment Studios Media, Inc.,*
*Entertainment Studios Media Holdings, Inc., NBCUniversal*
*Media, LLC, NBC Universal, Inc., Bain Capital Investors, LLC,*
*The Blackstone Group, Inc., TV Holdings 1, LLC, TV Holdings 2, LLC*

Robert B. Wagstaff
rwagstaff@mcmahonlawtx.com
MCMAHON SUROVICK SUTTLE PC
400 Pine Street, Suite 800
Abilene, Texas 79601
325-676-9183
*Attorneys for Keith Daniels as Personal Representative*
*of the Estate of Randall D. Yarnall*

/s/ Mark W. McBrayer
_____
Mark W. McBrayer

567147v.1