CHU.24544

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **KAREN DI PIAZZA, Individually and as Mother to CORBIN JAEGER and as Personal Representative of the Estate of CORBIN LEE JAEGER, Deceased,** | § | |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL, a Georgia limited liability company; WEATHER GROUP, LLC, a Delaware limited liability company; CF ENTERTAINMENT, INC. dba ENTERTAINMENT STUDIOS, a California corporation; ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; ENTERTAINMENT STUDIOS MEDIA, INC., a California corporation; ENTERTAINMENT STUDIOS MEDIA HOLDINGS, INC., a Delaware corporation; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; BAIN CAPITAL INVESTORS, LLC, a Delaware limited liability company; THE BLACKSTONE GROUP, INC., a Delaware corporation; TV HOLDINGS 1, LLC, a Delaware limited liability company; TV HOLDINGS 2, LLC, a Delaware limited liability company; TV SPINCO LLC, a Delaware limited liability company; SHEENA BITTLE as Personal Representative of the Estate of KELLEY GENE WILLIAMSON; KEITH DANIELS as Personal Representative of the Estate of RANDALL D. YARNALL,** | § | **CIVIL ACTION NO. 5-19CV0060-C** |
| Defendants. | § | |

**FIRST AMENDED ANSWER OF DEFENDANTS WEATHER GROUP**
**TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC**

WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL and

WEATHER GROUP, LLC, ("THE WEATHER CHANNEL"), Defendants herein, file this, their

First Amended Answer, responding to Plaintiff's Second Amended Complaint, and respond to the allegations contained in the specifically numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

## I.
## NATURE AND PURPOSE OF THE ACTION

1.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint.

2.      THE WEATHER CHANNEL Defendants deny any allegations indicating that Yarnall and Williamson were in the course and scope of any employment with THE WEATHER CHANNEL Defendants or that any manner of employer/employee relationship existed between THE WEATHER CHANNEL Defendants and Yarnall and Williamson.   THE WEATHER CHANNEL Defendants would allege that, at all times relevant, Yarnall and Williamson were acting as independent contractors with regard to any activities involving THE WEATHER CHANNEL Defendants.   THE WEATHER CHANNEL Defendants deny all other allegations contained in Paragraph 2 of Plaintiff's Second Amended Complaint.

3.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's capacity to bring wrongful death or survivor claims under the Texas Civil Practice & Remedies Code sections 71.002 and 71.021, and deny the remaining allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint.

## II.
## JURISDICTION AND VENUE

4.     THE WEATHER CHANNEL Defendants admit this Court has original jurisdiction over this action, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint.

5.     THE WEATHER CHANNEL Defendants admit venue is appropriate in this Court, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint.

## III.
## PARTIES

6.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.

7.     THE WEATHER CHANNEL Defendants deny that Williamson and Yarnall were the employees and/or agents of the Weather Channel and were acting within the course and scope of that employment and/or agency at all times alleged in Plaintiff's Second Amended Complaint as alleged in Paragraph 7 of Plaintiff's Second Amended Complaint.   THE WEATHER CHANNEL Defendants deny that Williamson and Yarnall were in any other relationship with THE WEATHER CHANNEL Defendants other than that of independent contractors.

8.     THE WEATHER CHANNEL Defendants deny that Williamson and Yarnall were the employees and/or agents of the Weather Group, LLC and were acting within the course and scope of that employment and/or agency at all times alleged in Plaintiff's Second Amended

Complaint as alleged in Paragraph 8 of Plaintiff's Second Amended Complaint. THE WEATHER CHANNEL Defendants deny that Williamson and Yarnall were in any other relationship with THE WEATHER CHANNEL Defendants other than that of independent contractors.

9.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint.

10.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.

11.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.

12.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.

13.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.

14.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.

15.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

17.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.

18.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.

19.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.

20.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21.     THE WEATHER CHANNEL Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22.     THE WEATHER CHANNEL Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.

25.     THE WEATHER CHANNEL Defendants are not required to admit or deny Paragraph 25 of Plaintiff's Second Amended Complaint because it contains no allegations.

## IV.
## CHOICE OF LAW

26.     THE WEATHER CHANNEL Defendants deny that there is any conflict existing between the substantive law of Texas and Arizona with regard to any germane issues in this lawsuit, including comparative fault, Plaintiff's right to recover exemplary damages, and the amount of exemplary damages available to Plaintiff, if any.  THE WEATHER CHANNEL Defendants therefore request the Court apply Texas substantive law to these issues, as opposed to Arizona law, which has no applicability to any issue in this matter.  THE WEATHER CHANNEL Defendants deny any remaining allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

## V.
## ALLEGED FACTS PARTICULAR TO PLAINTIFF'S CLAIMS

27.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Second Amended Complaint.  Further, THE WEATHER CHANNEL Defendants deny any allegations contained in Paragraph 27 indicating that Williamson and Yarnall were at

any time "working at THE WEATHER CHANNEL Defendants" or were "working for THE WEATHER CHANNEL Defendants" or that THE WEATHER CHANNEL Defendants were "operating TWC's mobile broadcasting studio" at any time prior to or at the time of the incident basis of suit.

28.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.  Further, THE WEATHER CHANNEL Defendants deny any allegations contained in Paragraph 28 indicating that Williamson and Yarnall were engaged in a joint enterprise with THE WEATHER CHANNEL Defendants, or were being assisted by or under the direction of THE WEATHER CHANNEL Defendants, or were employees or agents of THE WEATHER CHANNEL Defendants.

29.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Second Amended Complaint.

32.      THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 34 of Plaintiff's Second Amended Complaint.

35.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 35 of Plaintiff's Second Amended Complaint.

36.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

37.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint.

38.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

41.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Second Amended Complaint.

43.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Second Amended Complaint.

44.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

45.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 47 of Plaintiff's Second Amended Complaint.

48.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Second Amended Complaint.

49.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Second Amended Complaint.

50.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 50 of Plaintiff's Second Amended Complaint.

## VI.
## CAUSES OF ACTION

### COUNT ONE:
### NEGLIGENCE AND GROSS NEGLICENCE

51.     To the extent a response is required to Paragraph 51 of Plaintiff's Second Amended Complaint, THE WEATHER CHANNEL Defendants reallege and incorporate their responses set forth in the preceding paragraphs by reference as if set forth fully and reiterated here in their entirety.

52.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 52, including sub-parts a. through g., of Plaintiff's Second Amended Complaint.

53.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 53 of Plaintiff's Second Amended Complaint.

### COUNT TWO:
### WRONGFUL DEATH

54.     To the extent a response is required to Paragraph 54 of Plaintiff's Second Amended Complaint, THE WEATHER CHANNEL Defendants reallege and incorporate their responses set forth in the preceding paragraphs by reference as if set forth fully and reiterated here in their entirety.

55.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 55 of Plaintiff's Second Amended Complaint.

56.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Second Amended Complaint.

57.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Second Amended Complaint.

58.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 58 of Plaintiff's Second Amended Complaint.

59.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

60.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 60 of Plaintiff's Second Amended Complaint.

## COUNT THREE:
## SURVIVAL ACTION

61.     To the extent a response is required to Paragraph 61 of Plaintiff's Second Amended Complaint, THE WEATHER CHANNEL Defendants reallege and incorporate their responses set forth in the preceding paragraphs by reference as if set forth fully and reiterated here in their entirety.

62.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 62 of Plaintiff's Second Amended Complaint.

63.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Second Amended Complaint.

64.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 64 of Plaintiff's Second Amended Complaint.

65.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 65 of Plaintiff's Second Amended Complaint.

## DAMAGES – ALL DEFENDANTS

66.     THE WEATHER CHANNEL Defendants deny all allegations seeking recovery for damages set forth in Paragraph 66, including sub-parts a. through j., of Plaintiff's Second Amended Complaint.

67.     THE WEATHER CHANNEL Defendants deny all allegations contained in Paragraph 67 of Plaintiff's Second Amended Complaint.

## CONDITIONS PRECEDENT

68.     THE WEATHER CHANNEL Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Second Amended Complaint.

## DEMAND FOR JURY

69.     THE WEATHER CHANNEL Defendants demand a trial by jury.

## PRAYER

THE WEATHER CHANNEL Defendants are not required to admit or deny the allegations contained in this section of Plaintiff's Second Amended Complaint because it is an affirmative request for relief from this Court.  To the extent that any response is required, THE WEATHER CHANNEL Defendants deny the allegations contained in this section.  THE WEATHER CHANNEL Defendants pray that the Plaintiff's Second Amended Complaint be dismissed in its entirety, that Plaintiff be denied all relief, that THE WEATHER CHANNEL Defendants be awarded their costs, and for such other relief to which they may be entitled.

## AFFIRMATIVE DEFENSES

70.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that this Court lacks personal jurisdiction over these Defendants.

71.    THE WEATHER CHANNEL Defendants affirmatively plead and assert that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

72.    THE WEATHER CHANNEL Defendants affirmatively plead and assert that no conduct of THE WEATHER CHANNEL Defendants proximately caused Plaintiff's alleged injuries and damages, if any.

73.    THE WEATHER CHANNEL Defendants affirmatively plead and assert that, at the time and on the occasion in question, Corbin Lee Jaeger ("Jaeger") was negligent and Jaeger's negligence was the proximate cause, alternatively a contributing proximate cause, of the occurrence made the basis of this lawsuit.  Plaintiff may not recover any damages if Jaeger's percentage of responsibility is greater than 50%.  TEX. CIV. PRAC. & REM. CODE ANN. § 33.001.

74.    THE WEATHER CHANNEL Defendants affirmatively plead and assert that the acts or omissions of one or more persons or entities other than THE WEATHER CHANNEL Defendants, whether a party to this action or not and over whom THE WEATHER CHANNEL Defendants had no control or right of control, were the proximate cause or a contributing proximate cause of the occurrence in question and Plaintiff's alleged injuries and damages, if any.

75.    THE WEATHER CHANNEL Defendants affirmatively plead and assert that they are entitled to have the jury determine the percentage of responsibility of each defendant, each settling person, and each responsible third party pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 and to have THE WEATHER CHANNEL Defendants' liability, if any, reduced accordingly.  THE WEATHER CHANNEL Defendants specifically reserve their right, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.004, to designate any responsible third parties that may be identified during the course of this litigation.

76.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.012, they are entitled to full credit and offset for the sum of the dollar amounts of any settlement(s) made by Plaintiff with any other defendant, settling person, or responsible third party (as those terms are defined in the Texas Civil Practice & Remedies Code).

77.     THE WEATHER CHANNEL Defendants affirmatively assert and plead that in the unlikely event the jury finds them liable to Plaintiff, then these defendants reserve any and all rights they have for contribution against other persons or entities, both parties and non-parties, and reserve their rights under Chapter 33 of the Texas Civil Practice & Remedies Code including, but not limited to, their rights pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 33.015(a).

78.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that they are entitled to all of the protections afforded them under Chapter 41 of the Texas Civil Practice & Remedies Code.

79.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, or any loss of a pecuniary value, evidence to prove such loss, if any, must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  TEX. CIV. PRAC. & REM. CODE ANN. § 18.091 (a) and (b).

80.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that Plaintiff must prove by clear and convincing evidence the elements of exemplary damages and the burden of proof may not be shifted to these Defendants or satisfied by evidence, if any, of ordinary negligence, bad faith, or a deceptive trade practice; and any jury verdict for exemplary damages

must be unanimous.  The Court should apply all provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 41.003, § 41.004, and § 41.006 in any trial of a claim for exemplary damages.

81.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that prejudgment interest may not be assessed or recovered on any award of exemplary damages, if any, in this cause.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.007.

82.     THE WEATHER CHANNEL Defendants affirmatively plead and assert the limitations or "caps" on any exemplary damages sought by Plaintiff.  Specifically, Plaintiff's claim for exemplary damages is limited by TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b).

83.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that in a trial to a jury, the Court shall instruct the jury with regard to the evidence to be considered in determining the amount of exemplary damages as provided by TEX. CIV. PRAC. & REM. CODE ANN. § 41.011.

84.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that no grounds exist for holding them liable to Plaintiff for exemplary damages based on any alleged act or omission, if any, on the part of any alleged agent or employee of THE WEATHER CHANNEL Defendants.

85.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that Plaintiff may not obtain an award of exemplary damages against either of the THE WEATHER CHANNEL Defendants because of the criminal act of another.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.005(a).

86.     THE WEATHER CHANNEL Defendants affirmatively plead and assert that, in the event that not all potential wrongful death and survival action claimants with respect to Jaeger have

been made a party to this action, then this action must be abated until all such potential claimants have been joined to this action as parties.

87.    THE WEATHER CHANNEL Defendants affirmatively plead and assert the paid or incurred limitation on recovery of medical or healthcare expenses that is imposed by TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105.

WHEREFORE, PREMISES CONSIDERED, Defendants WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL and WEATHER GROUP, LLC respectfully pray that upon final hearing hereof, Plaintiff Karen Di Piazza, Individually and as Mother to Corbin Jaeger and as Personal Representative of the Estate of Corbin Lee Jaeger, Deceased, take nothing by reason of this action, that THE WEATHER CHANNEL Defendants be awarded their costs, and for such other relief to which THE WEATHER CHANNEL Defendants may be justly entitled.

Respectfully submitted,


/s/ *Douglas D. Fletcher*
**DOUGLAS D. FLETCHER**
Attorney in Charge
State Bar No.: 07139500
Email: doug.fletcher@fletcherfarley.com
**RICHARD G. MILLER**
State Bar No. 14107500
Email: richard.miller@fletcherfarley.com
**DAVID C. COLLEY**
State Bar No. 04583600
Email: david.colley@fletcherfarley.com

**FLETCHER, FARLEY, SHIPMAN
 & SALINAS, L.L.P**

9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: 214/987-9600
Facsimile: 214/987-9866 FAX

**ATTORNEYS FOR DEFENDANTS WEATHER
GROUP TELEVISION, LLC dba THE WEATHER
CHANNEL AND WEATHER GROUP, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same thereby was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 1st day of July 2019.



/s/ *Douglas D. Fletcher*
**DOUGLAS D. FLETCHER**