IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

KAREN DI PIAZZA, *Individually and as Mother to CORBIN JAEGER and as Personal Representative of the Estate of CORBIN LEE JAEGER, Deceased*,

    Plaintiff,

v.

WEATHER GROUP TELEVISION, LLC *dba The Weather Channel, a Georgia limited liability company, et al.*,

    Defendants.

Civil Action No. 5:19-CV-060-C

## ORDER

On this day, the Court considered:

(1) The Out-of-State Defendants' Renewed Motion to Dismiss for Lack of Personal Jurisdiction and For Failure to State a Claim, filed July 1, 2019;

(2) Plaintiff's Response to the Out-of-State Defendants' Renewed Motion to Dismiss for Lack of Personal Jurisdiction and For Failure to State a Claim, filed July 22, 2019; and

(3) The Out-of-State Defendants' Reply to Plaintiff's Response to the Out-of-State Defendants' Renewed Motion to Dismiss for Lack of Personal Jurisdiction and For Failure to State a Claim, filed July 31, 2019.

Having considered the foregoing, the Court is of the opinion that the Out-of-State Defendants' Motion to Dismiss should be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(2).

### I.
### BACKGROUND

On March 26, 2019, Karen Di Piazza, Individually and as Mother to Corbin Jaeger and as Personal Representative of the Estate of Corbin Lee Jaeger, Deceased ("Plaintiff"), filed the

above-styled and -numbered civil action against a total of 17 named Defendants. To provide insight, on March 28, 2017, Corbin Lee Jaeger was killed in a two-vehicle collision occurring outside the town of Spur, Texas. Specifically, a Chevrolet Suburban, driven by Randall Yarnall and occupied by Kelley Gene Williamson, ran a stop sign and, as a result, collided with Jaeger's 2012 Jeep Patriot. Sadly, all three individuals were pronounced deceased. Plaintiff alleges that Yarnall and Williamson were acting in the course and scope of their employment as storm chasers and television personalities employed by the Weather Channel at the time of the incident.

Plaintiff asserts claims for negligence, gross negligence, wrongful death, and survival. Plaintiff seeks actual damages in an amount of no less than $125,000,000.00, damages for loss of affection, consortium, comfort, protection and care, pain and suffering, mental anguish, loss of quality of life, funeral and burial expenses, loss of service, as well as exemplary and punitive damages. Defendants CF Entertainment, Inc. d/b/a Entertainment Studios, Entertainment Studios Networks, Inc., Entertainment Studios Media, Inc., Entertainment Studios Media Holdings, Inc., NBCUniversal Media, LLC, Bain Capital Investors, LLC, The Blackstone Group, Inc., TV Holdings 1, LLC, and TV Holdings 2, LLC ("Out-of-State Defendants") now seek the dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.
## STANDARDS

### *Rule 12(b)(2)—Personal Jurisdiction*

Motions filed under Rule 12(b)(2) of the Federal Rules of Civil Procedure seek to dismiss a complaint or a counterclaim for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). A Rule

2

12(b)(2) motion to dismiss must be asserted in a motion to dismiss or in an answer; otherwise, the motion is waived. FED. R. CIV. P. 12(h). When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that *in personam* jurisdiction exists. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1996). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; *prima facie* evidence of personal jurisdiction is sufficient. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). Conflicts in the facts alleged by the parties must be resolved in the plaintiff's favor. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of the forum state; and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. *Wilson*, 20 F.3d at 646-47. Because the Texas long-arm statute has been interpreted as extending to the limits of due process, the only inquiry, therefore, is whether the exercise of jurisdiction over a nonresident defendant would be constitutionally permissible. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v.*

3

*Washington*, 326 U.S. 310, 316 (1945) (citation omitted). *See also Allred v. Moore & Peterson*, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts with a forum state occur when the nonresident defendant "purposefully avail[s] himself of the benefits and protections of the forum state." *Felch v. Transportes Lar-Mex S.A. De CV*, 92 F.3d 320, 323 (5th Cir. 1996). The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. *Bullion*, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Wilson*, 20 F.3d at 647. When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. *Jones*, 954 F.2d at 1068. Only if the nonresident defendant's related or unrelated minimum contacts with the forum state are sufficient does the court consider whether the "fairness prong" is satisfied. *Felch*, 92 F.3d at 324 (citation omitted). The following factors are to be considered in conducting the fairness inquiry: (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interests in securing relief; (4) the interstate judicial system's interests in obtaining the most efficient resolution of

4

controversies; and (5) the shared interests of the several States in furthering fundamental substantive social policies. *Id.* at 324 n.9 (quotations and citations omitted).

### *Rule 12(b)(6)—Plausibility*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The court must accept all factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(6), a district court must generally examine only the complaint and any attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). But a court may consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is "central" to the plaintiff's claim. *Id.* at 498–99. To survive a 12(b)(6) Motion to Dismiss, a complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it asserts facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is context-specific and requires the court to draw upon its own experience and common sense. *Id.*

## III.
## DISCUSSION

### *Jurisdictional Assessment*

"Personal jurisdiction, [like subject matter jurisdiction], is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an

5

adjudication." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231-32 (5th Cir. 2012) (citations omitted). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception . . . because [j]urisdiction is power to declare the law, and [w]ithout jurisdiction the court cannot proceed at all in any cause." *Id.* (internal citations omitted). Therefore, "subject matter jurisdiction and personal jurisdiction claims are threshold grounds for denying audience to a case on the merits[] and require that the courts reach the threshold claims before reaching claims on the merits." *Id.* Accordingly, the Court shall first consider the Out-of-State Defendants' Motion arising under Federal Rule of Civil Procedure 12(b)(2).

### i. General Jurisdiction

The Out-of-State Defendants assert that Plaintiff's Second Amended Complaint fails to plead sufficient facts for the Court's exercise of general jurisdiction. Specifically, the Out-of-State Defendants aver that they do not maintain the necessary "continuous and systematic" contacts with Texas that would render them "essentially at home." Plaintiff, on the other hand, fails to contest the Out-of-State Defendants' assertions concerning general jurisdiction.[1] Thus, Plaintiff fails to establish a *prima facie* case in support of general jurisdiction. The Court shall now turn to address the arguments presented relating to specific jurisdiction.

---

[1] Plaintiff's Response solely addresses the Out-of-State Defendants' arguments relating to specific jurisdiction. *See* Doc. 102.

### ii. *Specific Jurisdiction*

The Out-of-State Defendants further contend that Plaintiff's Second Amended Complaint fails to assert facts so as to support the Court's exercise of specific jurisdiction. In this light, the Out-of-State Defendants—who are alleged parent companies and investors of the Weather Channel—argue that Plaintiff fails to plead any plausible "plus factor," or something beyond the subsidiaries' mere presence, as required under Texas law, to support an extension of specific jurisdiction. Conversely, Plaintiff avers that the Second Amended Complaint sufficiently pleads factual allegations so as to support a theory that the Out-of-State Defendants, the Weather Channel and the Weather Group, were engaged in a joint enterprise or joint venture, and were each other's agent, principle, employee and/or alter ego.[2]

"In Texas, a subsidiary corporation's contacts can be imputed to its parent corporation when the subsidiary 'is organized and operated as a mere tool or business conduit' of the parent." *Lloyd's Syndicate 457 v. Am. Glob. Mar. Inc.*, 346 F. Supp. 3d 908, 928 (S.D. Tex. 2018) (quoting *Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 85 (Tex. App.—Houston [1st. Dist.] 2008, no pet.)). To succeed under an alter ego theory, "the plaintiff seeking to establish personal jurisdiction must show that the 'parent controls the internal business operations and affairs of the subsidiary.'" *Id.* (quoting *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007)). Specifically, "[t]he evidence must show that 'the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice.'" *Id.* (quoting *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d

---

[2] Essentially, Plaintiff contends that the Out-of-State Defendants' corporate veil should be pierced so as to expose said Defendants to the Court's exercise of specific jurisdiction.

789, 799 (Tex. 2002).[3] Accordingly, there must be a "plus factor, something beyond the subsidiary's mere presence within the bosom of the corporate family." *Id.* (quoting *PHC-Minden*, 235 S.W.3d at 176.).

Having reviewed Plaintiff's Second Amended Complaint and the arguments asserted, the Court is guided to conclude that Plaintiff has failed to plead factual allegations to support the Court's exercise of specific jurisdiction over the Out-of-State Defendants. Other than alleging that the Out-of-State Defendants allegedly hold a financial interest in the Weather Channel and provide certain managerial services to said Defendant, Plaintiff has failed to allege the existence of a plus factor, or something beyond the subsidiaries mere presence within the corporate infrastructure.[4] In addition, Plaintiff fails to plead specific factual allegations to plausibly suggest that the Out-of-State Defendants were directly or indirectly involved in any aspect of the vehicular accident forming the basis of this proceeding. Accordingly, the Court is of opinion that it lacks the authority to exercise specific jurisdiction over the Out-of-State Defendants and hereby **ORDERS** that the Out-of-State Defendants' Motion to Dismiss be **GRANTED**.[5]

---

[3] *See Knight Corp. v. Knight*, 367 S.W.3d 715, 730 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[T]he parent and subsidiary can be merged for jurisdictional purposes only if the subsidiary is not maintained as a distinct corporate entity such that the separation between the parent and subsidiary is 'pure fiction.'" (quoting *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335 (1925))).

[4] Simply stated, there are no allegations that the Out-of-State Defendants share a common headquarters with the subsidiary, share common directors with the subsidiary, pay the subsidiary's executives, provide the subsidiary insurance coverage, establish the subsidiary's financial budget, or establish the subsidiary's internal policies and procedures. *See PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175-76 (Tex. 2007).

[5] Having determined that the Court lacks the authority to exercise both general and specific jurisdiction, the Court need not address the second prong of Rule 12(b)(2)'s framework—would the exercise of jurisdiction offend traditional notions of fair play and substantial justice?

### *Jurisdictional Discovery*

"For this [C]ourt to grant jurisdictional discovery, a plaintiff must make a preliminary showing of jurisdiction." *Monkey Boy Graphix, Inc. v. Anton Sport, Inc.*, 2008 WL 11349966, at *7 (N.D. Tex. Aug. 20, 2008), *report and recommendation adopted*, 2008 WL 11349845 (N.D. Tex. Sept. 17, 2008) (citing *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). "The party seeking discovery must state what facts they believe discovery would uncover and how those facts would support personal jurisdiction." *Id.* (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact. When lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.* (citing *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).

As the Out-of-State Defendants aver, Plaintiff's request to conduct jurisdictional discovery is lacking a basis in law. Specifically, the Court would agree with the Out-of-State Defendants' assertion that Plaintiff has failed to articulate any nexus between said Defendants and the allegations of tortious conduct at issue. Furthermore, Plaintiff fails to identify any specific issue facts in dispute to warrant the relief requested. Rather, Plaintiff requests that she be permitted to conduct jurisdictional discovery concerning: (1) the production of documents related to the CF Defendants' acquisition of the Weather Channel, Weather Group, TV1 and TV2; and (2) to conduct depositions of individuals most knowledgeable relating to Bain, Blackstone and NBC's alleged role in the management and direction of the day-to-day operations of the Weather Channel. Based on the foregoing and having determined that personal

jurisdiction is lacking, the Court hereby **ORDERS** that Plaintiff's request to conduct jurisdictional discovery be **DENIED**.

## IV.
## CONCLUSION

For the reasons set forth herein, the Court **ORDERS** that the Out-of-State Defendants' Motion to Dismiss be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(2).[6] Accordingly, all claims asserted against the Out-of-State Defendants are hereby **DISMISSED** without prejudice.

SO ORDERED this 9th day of September, 2019.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] The Court need not reach a determination as to the arguments asserted pursuant to Federal Rule of Civil Procedure 12(b)(6).