CHU.24544

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **KAREN DI PIAZZA, Individually and as Mother to CORBIN JAEGER and as Personal Representative of the Estate of CORBIN LEE JAEGER, Deceased,** § § § § § § Plaintiff, § § VS. § § **WEATHER GROUP TELEVISION, LLC** § **dba THE WEATHER CHANNEL, a** § **Georgia limited liability company, et al.** § § Defendants. § | **CIVIL ACTION NO. 5:19-CV-060-C** |

**APPENDIX TO DEFENDANTS WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S<u>MOTION TO ABATE AND BRIEF IN SUPPORT</u>**

Respectfully submitted,

/s/ *Douglas D. Fletcher*
**DOUGLAS D. FLETCHER**
Attorney in Charge
State Bar No.: 07139500
Email: doug.fletcher@fletcherfarley.com
**RICHARD G. MILLER**
State Bar No. 14107500
Email: richard.miller@fletcherfarley.com

**FLETCHER, FARLEY, SHIPMAN
 & SALINAS, L.L.P**
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: 214/987-9600
Facsimile: 214/987-9866 FAX

**ATTORNEYS FOR DEFENDANTS**

# TABLE OF CONTENTS

**Exhibit**  **Document**

A.  Certified Copy of Petition for Adjudication of Intestacy, Determination of Heirs, and Appointment of Personal Representative, filed February 13, 2018, *In the Matter of the Estate of Corbin Lee Jaeger*, *Deceased*, Case No. PB2018-001588, in the Superior Court of Arizona, County of Maricopa.

B.  Certified Copy of Order of Intestacy, Determination of Heirs, and Appointment of Personal Representative, filed March 21, 2018, *In the Matter of the Estate of Corbin Lee Jaeger*, *Deceased*, Case No. PB2018-001588, in the Superior Court of Arizona, County of Maricopa.

C.  Order Granting Motion to Abate and Administratively Closing Case, in *Brian Shao, et al. v. Lei Yu*, Case No. 4:15-CV-00060-DC (W.D. Tex. Sept. 26, 2018) (Counts, J.).

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same thereby was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 20th day of September 2019.

      /s/ *Douglas D. Fletcher*
      **DOUGLAS D. FLETCHER**

MICHAEL K. JEANES
Clerk of the Superior Court
By Kristy Kee, Deputy
Date 02/13/2018 Time 16:54:49
Description                         Amount
---------- CASE# PB2018-001588 ----------
OTHER NEW PROBATES              271.00

TOTAL AMOUNT                    271.00
       Receipt# 26409750

Jaburg & Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000
Lauren L. Garner (019475)
llg@jaburgwilk.com

*Attorneys Petitioner Karen Di Piazza*

## SUPERIOR COURT OF ARIZONA
## COUNTY OF MARICOPA

| In the Matter of the Estate of: | Case No. PB2018-001588 |
|---|---|
| CORBIN LEE JAEGER, Deceased. | **PETITION FOR ADJUDICATION OF INTESTACY, DETERMINATION OF HEIRS AND APPOINTMENT OF PERSONAL REPRESENTATIVE** |

1. This petition is made by Karen Di Piazza ("Petitioner") who is interested in this estate because she is the decedent's mother and an heir.

2. Corbin Lee Jaeger ("Decedent") died on March 28, 2017, at the age of 25 years. At the time of death, Decedent was domiciled in Maricopa County, State of Arizona.

3. Decedent left surviving the following persons who are the surviving spouse, children, heirs and devisees:

| Name and Address | Relationship To Decedent |
|---|---|
| Karen Di Piazza<br>4351 W. Sandra Circle<br>Glendale, AZ  85308 | Mother |
| Lawrence Edward Jaeger<br>c/o SCL Mortgage<br>120 S. Wilcox Street, Suite 100<br>Castle Rock, CO  80104 | Father |

19872-19872-00001\LLG\JJB\2990950.1

**EXHIBIT A**

**APP 4**

4. Venue for this proceeding is in this county because Decedent was a domiciliary of this county at the time of death.

5. No Personal Representative for Decedent's estate was appointed in this state or elsewhere.

6. Petitioner has not received a demand for notice and is not aware of any demand for notice by any interested person of any proceeding concerning Decedent in this state or elsewhere.

7. After the exercise of reasonable diligence, Petitioner is unaware of any unrevoked testamentary instrument executed by Decedent relating to property having situs in this state.

8. Petitioner states that the names, relationships and addresses of all persons having a prior or equal right to appointment under A.R.S. §14-3203 are:

| Name and Address | Relationship To Decedent |
|---|---|
| Karen Di Piazza<br>4351 W. Sandra Circle<br>Glendale, AZ 85308 | Mother |
| Lawrence Edward Jaeger<br>c/o SCL Mortgage<br>120 S. Wilcox Street, Suite 100<br>Castle Rock, CO 80104 | Father |

9. Decedent's existing assets were nominal and, therefore, it is requested that bond be waived. This probate proceeding is being initiated to pursue a wrongful death and survivor lawsuit. In addition, there may be recovery from an insurance policy.

10. The time for informal probate and appointment has not expired under A.R.S. §14-3108 because less than two years have passed since Decedent's death.

2

19872-19872-00001\LLG\JJB\2990950.1

**APP 5**

Petitioner requests that the Court, after notice and hearing, issue an order which:

A. Make the findings required by A.R.S. § 14-3409, including a finding that Decedent died intestate.

B. Determine Decedent's lawful heirs.

C. Appoints Karen Di Piazza as personal representative of Decedent's estate without bond.

DATED this 10th day of February, 2018.

*Karen Di Piazza*
Karen Di Piazza, Petitioner
4351 W. Sandra Circle
Glendale, AZ 85308

JABURG|WILK
Attorneys at Law

19872-19872-00001\LLG\JJB\2990950.1

3

**APP 6**

STATE OF ARIZONA     )
                     ) ss.
County of Maricopa   )

Karen Di Piazza, being duly sworn, states:

1. I am the Petitioner in the foregoing Petition for Adjudication of Intestacy, Determination of Heirs and Appointment of Personal Representative.

2. I have read the foregoing Petition for Adjudication of Intestacy, Determination of Heirs and Appointment of Personal Representative and believe it to be true based upon information and belief.

_/s/ Karen Di Piazza_
Karen Di Piazza, Petitioner

SUBSCRIBED AND SWORN TO before me this __10__ day of __February__, 2018, by Karen Di Piazza.

_/s/ J. Maldonado_
Notary Public

Seal & commission expiration date:

OFFICIAL SEAL
JESSICA J. MALDONADO
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Expires Aug. 16, 2021

Jaburg & Wilk, P.C.

_/s/ Lauren L. Garner_
Lauren L. Garner

19872-19872-00001\LLG\JJB\2990950.1

4

**APP 7**

**APP 8**

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest **SEP 1 3 2019** 20_____

JEFF FINE, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By _____, Deputy Clerk

**APP 8**

3/21/18 FILED 10:25 am
MICHAEL K. JEANES, Clerk
By _R. Smith_
Deputy

**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000
Lauren L. Garner (019475)
llg@jaburgwilk.com

Attorneys Petitioner Karen Di Piazza

## SUPERIOR COURT OF ARIZONA
## COUNTY OF MARICOPA

In the Matter of the Estate of:

CORBIN LEE JAEGER,

Deceased.

Case No. PB2018-001588

**ORDER OF INTESTACY, DETERMINATION OF HEIRS AND APPOINTMENT OF PERSONAL REPRESENTATIVE**

(Hearing on March 21, 2018 at 9:30 a.m.)

Warning: This appointment is not effective until "Letters of Appointment" have been issued by the Clerk of the Superior Court.

The Petition for Adjudication of Intestacy, Determination of Heirs and Appointment of Personal Representative having been considered by the Court, the Court finds:

1. Notice was given as required by law.

2. Corbin Lee Jaeger ("Decedent") died on March 28, 2017. This proceeding was commenced within two years of the time of death.

3. Venue for this proceeding is in this county because Decedent was a domiciliary of this county at the time of death.

4. Decedent died intestate, leaving the following heirs:

19872-19872-00001\LLG\JJB\2991044.1

**EXHIBIT B**  **APP 9**

| Name and Address | Relationship To Decedent |
|---|---|
| Karen Di Piazza<br>4351 W. Sandra Circle<br>Glendale, AZ  85308 | Mother |
| Lawrence Edward Jaeger<br>103 4th Street, Suite 220<br>Castle Rock, CO  80104-2424 | Father |

5.   Karen Di Piazza is entitled to appointment as personal representative of Decedent's estate.

6.   Bond is not required.

IT IS ORDERED that:

A.   Decedent died intestate leaving the heirs named above.

B.   Karen Di Piazza is appointed as personal representative without bond and Letters shall be issued upon the personal representative's accepting.

C.   The personal representative shall notify the Court within ten (10) days of any change in address and shall be responsible for all costs resulting from failure to do so.

Pursuant to Rule 54(c), Ariz. Civ. P., no further matters remain pending, and the Court therefore, enters this as a final appealable order.

DATED   3-21-18  .

_____
Commissioner Carolyn Passamonte

2

19872-19872-00001\LLG\JJB\2991044.1

**APP 10**

**ADDENDUM TO COURT ORDER – COMPLIANCE**          Case #: PB2018-001588

To maintain public trust and confidence, the Court has a duty to ensure that court-appointed Guardians, Conservators and Personal Representatives comply with all Court Orders, Court Rules and Arizona Probate Laws. Therefore, IT IS ORDERED that the following tasks be completed in this case:

**GUARDIANS:**
- ☐ Issue Letters of Appointment within 10 days
- ☐ File Certificate of Completion of Training within 10 days

**PERSONAL REPRESENTATIVES / SPECIAL ADMINISTRATORS:**
- ☒ Issue Letters of Appointment within 10 days
- ☒ File Certificate of Completion of Training within 10 days
- ☐ Post a Bond within 10 days  *waived*
- ☐ File or provide proof of mailing of Inventory & Appraisement within 90 days of appointment  *waived*

**CONSERVATORS:**
- ☐ Issue Letters of Appointment within 10 days
- ☐ File Certificate of Completion of Training within 10 days
- ☐ Post a Bond within 10 days
- ☐ File Proof of Restricted Account within 30 days of appointment
- ☐ File Proof of Recorded Restriction on Real Property within 30 days of appointment
- ☐ File Proof of Annuity Contract within 60 days of appointment
- ☐ File Inventory & Appraisement within 90 days of appointment
- ☐ File Consumer Credit Report (dated within 90 days of the Inventory & Appraisement) within 90 days of appointment

IT IS FURTHER ORDERED that the following person(s) are responsible for completing these tasks:

**RESPONSIBLE FIDUCIARY:**
- ☐ Guardian
- ☐ Conservator/Special Conservator
- ☒ Personal Representative/ Special Administrator

**RESPONSIBLE ATTORNEY:**
- ☒ Attorney for the Fiduciary
- ☐ Attorney for the Insurance Company
- ☐ Attorney for the Ward or Protected Person

**A REVIEW HEARING IS SET TO DETERMINE COMPLIANCE**

☒ Review Hearing Date: 04/24/2018        Time: 8:30 a.m.
  Hearing Location: 125 W. Washington St., Courtroom 104, Hon. Jay Polk
  Compliance with Bond, Training, and Letters of Appointment.

☐ Review Hearing Date: 05/08/2018        Time: 8:30 a.m.
  Hearing Location: 125 W. Washington St., Courtroom 104, Hon. Jay Polk
  Compliance with Restricted Account and Restricted Real Property.

☐ Review Hearing Date: 06/12/2018        Time: 8:30 a.m.
  Hearing Location: 125 W. Washington St., Courtroom 104, Hon. Jay Polk
  Compliance with Annuity Contract.

☐ Review Hearing Date: 07/26/2018        Time: 8:30 a.m.
  Hearing Location: 125 W. Washington St., Courtroom 104, Hon. Jay Polk
  Compliance with Inventory and Appraisement and Consumer Credit Report.

IF YOU HAVE COMPLIED WITH THE ORDERS OF THIS COURT, THE REVIEW HEARING WILL BE VACATED. YOU WILL **NOT** BE NOTIFIED IF A REVIEW HEARING IS VACATED.

IF YOU BELIEVE YOU HAVE COMPLIED WITH THE ORDERS OF THIS COURT, CONTACT PROBATE ADMINISTRATION AT (602) 506-5510. REVIEW FOR COMPLIANCE OCCURS UP TO THE DATE OF THE HEARING; THEREFORE, YOU SHOULD CALL THE DAY BEFORE THE HEARING TO SEE IF YOUR HEARING HAS BEEN VACATED.

ALL OTHER QUESTIONs ABOUT YOUR CASE SHOULD BE DIRECTED TO THE COURT WHERE YOUR CASE IS ASSIGNED.

DATED: 3/21/2018        JUDICIAL OFFICER: _____
                                        The Honorable Carolyn Passamonte

Revised March 13, 2014

APP 11

**APP 12**

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest ___SEP 1 3 2019___ 20_____

JEFF FINE, Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

By_____, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| BRIAN SHAO, individually and as Representative of of the Estate of Min Zhao Shao; <br> *Plaintiff,* <br><br> v. <br><br> YU LEI, <br> *Defendant.* | § § § § § § § § § § | P:15-CV-00060-DC |

### ORDER GRANTING MOTION TO ABATE & ADMINISTRATIVELY CLOSING CASE

Before the Court is Defendant Lei Yu's Motion to Abate. (Doc. 68). Plaintiff filed a Response on September 11, 2018. (Doc. 74). The Court held a hearing on the Motion on September 25, 2018.

In the instant motion, Defendant argues that Plaintiff filed a wrongful death action but "failed to join all statutory beneficiaries and, in turn, necessary parties under the Wrongful Death Statute." (Doc. 68 at 1). More specifically, Defendant argues that Plaintiff failed to join the decedent's parents who are alive and residing in China. *Id.* at 2. Plaintiff counters that the parent's claim is barred by the statute of limitations and thus the Plaintiff represents the interest of all wrongful death beneficiaries entitled to recover. (Doc. 74 at 2). Further, Plaintiff argues that if the Court finds that the decedent's parents are beneficiaries entitled to recover, the decedent's parents need not be made parties to the case. *Id.* at 4–5. Rather, it is sufficient that Plaintiff amend his complaint to bring the wrongful death action on behalf of all statutory beneficiaries. *Id.*

Under Texas law, where there is evidence that the deceased has other relatives who may recover under the Texas Wrongful Death Statute, the "proceedings must be arrested until the

EXHIBIT C    APP 13

pleadings are so amended that the suit can be conducted for the use of all of the beneficiaries." *Ft. Worth & D.C.R. Co. v. Wilson*, 22 S.W. 578, 579 (Tex. 1893) (citing *Ry. Co. v. Culberson*, 5 S.W. 820 (Tex. 1887)). It is no excuse that the statute of limitations bars the claim of the beneficiaries not joined. *Id.* (citing *R.R. Co. v. Spiker*, 59 Tex. 435 (1883)). Further, "every action shall be prosecuted in the name of the real party in interest, but *a party authorized by statute may sue in his own name without joining with the party for whose benefit the action is brought.*" *Del Valle Rodriguez v. Wheeler*, 16 F.R.D. 103, 104 (S.D. Tex. 1954). Accordingly, while it is not necessary that Plaintiff join the decedent's parents in his wrongful death cause of action, it is necessary that Plaintiff bring his wrongful death claim "for the use of all of the beneficiaries." *Ft. Worth & D.C.R. Co.*, 22 S.W. at 579.

After carefully considering Defendant's Motion, Plaintiff's Response, and the hearing held on the Motion, the Court **GRANTS** Defendant's Motion to Abate.

The cause is stayed and the Clerk of the Court shall **ADMINISTRATIVELY CLOSE** this case until the parties file an advisory to the Court as to the status of the case.

Any motions pending in this action are **DENIED WITHOUT PREJUDICE**; they may be reasserted, if and as appropriate, when the case is reinstated to the active docket.

It is so **ORDERED**.

SIGNED this 26th day of September, 2018.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE