Robert A. Ball, California Bar No. 70061
John M. Donnelly, California Bar No. 156965
LAW OFFICES OF ROBERT A. BALL
225 Broadway, Suite 2220
San Diego, California 92101
Telephone: (619) 234-3913; Facsimile: (619) 234-4055
Email: rball@robertballapc.com, jdonnelly@robertballapc.com

Benjamin H. Davidson, II, State Bar No. 05430590
Mary Kathleen Davidson, State Bar No. 24070919
McCLESKEY HARRIGER BRAZILL & GRAF LLP
5010 University Avenue, Suite 500
Lubbock, Texas 79413
Telephone: (806) 796-7306; Facsimile: (806) 796-7365
Email: bdavidson@mhbg.com, kdavidson@mhbg.com

Attorneys for: Plaintiffs KAREN DI PIAZZA,
Individually and as Mother to CORBIN JAEGER and as Personal
Representative of the Estate of CORBIN LEE JAEGER, Deceased

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS, LUBBOCK DIVISION

| | |
|---|---|
| KAREN DI PIAZZA, Individually and As Mother to CORBIN JAEGER and As Personal Representative of the Estate of CORBIN LEE JAEGER, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL, a Georgia limited liability company; WEATHER GROUP, LLC, a Delaware limited liability company; CF ENTERTAINMENT, INC. dba ENTERTAINMENT STUDIOS, a California corporation; ENTERTAINMENT STUDIOS NETWORKS, INC., a California corporation; ENTERTAINMENT STUDIOS MEDIA, INC., a California corporation; ENTERTAINMENT STUDIOS MEDIA HOLDINGS, INC., a Delaware corporation; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; BAIN CAPITAL INVESTORS, LLC, a Delaware limited liability company; THE BLACKSTONE GROUP, INC., a Delaware corporation; TV HOLDINGS 1, LLC, a Delaware limited liability company; TV HOLDINGS 2, LLC, a Delaware limited liability company; TV SPINCO LLC, a | **CIVIL ACTION**<br><br>**CASE NO. 5-19CV0060-C**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S MOTION TO ABATE** |

Delaware limited liability company;
SHEENA BITTLE as Personal
Representative of the Estate of KELLEY
GENE WILLIAMSON; KEITH DANIELS as
Personal Representative of the Estate of
RANDALL D. YARNALL,

                Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S MOTION TO ABATE**

Plaintiff KAREN DI PIAZZA, INDIVIDUALLY AND AS MOTHER TO CORBIN JAEGER AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CORBIN LEE JAEGER, DECEASED ("Plaintiff") respectfully requests that the Court deny Defendants WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S ("Defendants") Motion to Abate ("Motion").

## I.    INTRODUCTION

Defendants' Motion should be denied as moot. Plaintiff has now amended the operative pleading so as to comply with Tex. Civ. Prac. & Rem. Code § 71.004. Plaintiff's Third Amended Complaint ("Complaint") now alleges her wrongful death claim is brought "on behalf of herself as well as for the benefit of all beneficiaries entitled to bring this action." [Compl., Intro. and ¶¶ 3 and 55; *Id.*; *Texas Health Enterprises, Inc. v. Geisler,* 9 S.W.3d 163, 169-170 (Tex. App.—Fort Worth 1999, pet. dism'd).][1]

## II.    STATEMENT OF THE CASE

Plaintiff brought these wrongful death and survivor claims under Texas Civil Practice & Remedies Code sections 71.002 and 71.021 to recover damages for the death

---

[1] Cited in support of Defendants' Motion.

LAW OFFICES OF
ROBERT A. BALL
225 BROADWAY, SUITE 2200
SAN DIEGO, CA 92101-5019
TELEPHONE 619-234-3913

2

PL.'S RESP. TO DEFS. WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S MOT. TO ABATE

of her son Corbin Lee Jaeger ("Jaeger"), which were directly and proximately caused by the acts and omissions of the named Defendants.

Jaeger's only heirs at the time of his demise were his divorced parents, his mother, the Plaintiff, and his estranged father, Lawrence Edward Jaeger. Originally, Plaintiff brought her wrongful death claim only on her behalf. Mr. Jaeger did not bring his own wrongful death action before the applicable statute of limitations (2 years) expired. (Tex. Civ. Prac. & Rem. Code § 16.003.)

On September 20, 2019, Defendants filed their Motion, notwithstanding their knowledge that Plaintiff and Mr. Jaeger were their deceased son's only heirs and that any potential wrongful death claim of Mr. Jaeger was time-barred. (App. to Motion, Ex. "A" and Ex. "B.") [*McPeak-Torres v. Brazoria County Texas,* No. CV G-12-075, 2015 WL 12748276, at 2 (S.D. Tex. Jan. 22. 2015).]

Plaintiff intended to oppose the Motion because she maintained that the then operative pleading (Second Amended Complaint) satisfied section 71.004's pleading requirement that her wrongful death claim be brought for the benefit of all claimants entitled to recover under the Texas Wrongful Death statute. Plaintiff is her son's only remaining heir entitled to recover under the statute because the only other potential claimant, Mr. Jaeger, is time-barred from maintaining a lawsuit . [*Id.*] However, Plaintiff was also aware of the Court's June 4, 2019 Scheduling Order, which mandated that all motions to join other parties and amend the pleadings be filed by 3:00 p.m. on October 1, 2019, well before Plaintiffs response to the Motion was due.

Consequently, Plaintiff attempted to informally resolve the matter by offering to amend her Second Amended Complaint to allege that she was bringing her wrongful death

LAW OFFICES OF
ROBERT A. BALL
225 BROADWAY, SUITE 2200
SAN DIEGO, CA 92101-5019
TELEPHONE 619-234-3913

action for the benefit of all beneficiaries under the statute, as the Motion demanded, if in return, Defendants would withdraw their Motion. Defendants' Motion demanded that Plaintiff amend her then operative pleading as follows (which she has now done):

> Accordingly, while it is not necessary that Plaintiff join the decedent's father, Lawrence Edward Jaeger, in this wrongful death lawsuit, it is necessary that Plaintiff bring her wrongful death claim "for the use of all of the beneficiaries." *Wilson,* 22 S.W. at 579; App. Exh. C, at pp. 13-14; *see also Texas Health Enterprises, Inc. v. Geisler,* 9 S.W.3d 163, 169-170 (Tex. App.—Fort Worth 1999, pet. dism'd). . . [Defs.' Motion, p. 5.]

Defendants refused this offer, which was made, not as a concession, but to expedite the finalization of the operative pleading for purposes of judicial economy. Consequently, Plaintiff chose to file a Motion for Leave to File Third Amended Complaint ("Motion to Amend") out of an abundance of caution to preserve the opportunity to amend in the event the Court granted Defendants' Motion. The Motion to Amend, which was filed and served on October 1, 2019, was granted by the Court the following day, October 2, 2019.

Plaintiff considers the Motion now moot since the operative pleading has now been amended exactly as Defendants requested [Compl., Intro. and ¶¶ 3 and 55] but, Defendants again rebuffed Plaintiff's request to withdraw the Motion, thereby necessitating this response.

**III.     THE MOTION SHOULD BE DENIED AS MOOT BECAUSE THE ALLEGATIONS OF THE COMPLAINT COMPLY WITH TEX. CIV. PRAC. & REM. CODE § 71.004.**

The Complaint now alleges that Plaintiff brings her wrongful death claim *"on behalf of herself as well as for the benefit of all beneficiaries entitled to bring this action."* [Compl., ¶ 3.] [See also, Compl., Intro. and ¶ 55.] Such pleading is consistent with the applicable

4

PL.'S RESP. TO DEFS. WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S MOT. TO ABATE

LAW OFFICES OF
ROBERT A. BALL
225 BROADWAY, SUITE 2200
SAN DIEGO, CA 92101-5019
TELEPHONE 619-234-3913

statutory requirement and relevant case authority. Tex. Civ. Prac. & Rem. Code § 71.004 states in part:

> (a)   An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
> (b)   The surviving spouse, children, and parents of the deceased may bring the action or *one or more of those individuals may bring the action for the benefit of all.* [Emphasis added.]

[See also *Texas Health Enterprises, Inc. v. Geisler, supra,* 9 S.W.3d at 169-170—plaintiff's petition deemed sufficient where wrongful death action alleged to be brought on behalf of plaintiff "as well as on the behalf and for the benefit of all parties entitled to bring such causes of action ...']. Indeed, as already pointed out above, Plaintiff has amended the operative pleading as specifically proposed by Defendants in their Motion. [Defs.' Motion, pp. 5 and 6; see also *Id.*; *Martone v. Livingston,* No. 4:13-CV-3369, 2015 WL 9259089, at *2 (S.D. Tex. Dec. 18, 2015) (both cited in Defs.' Motion).]

Defendants may attempt to argue that Plaintiff cannot state that she brings this action for the benefit of all statutory beneficiaries entitled to bring the claim because Plaintiff's counsel may not represent Mr. Jaeger. This argument fails for several reasons. Defendants cite no legal authority for the proposition that Plaintiff must represent all statutory beneficiaries to maintain her wrongful death claim.  Defendants also do not cite any legal authority for the proposition that Plaintiff must specifically name Mr. Jaeger in the Complaint in order to assert her wrongful death claim. To the contrary, Section 71.004's explicit language and applicable case authority authorize that suit may be brought by Plaintiff as alleged—"on behalf of herself as well as for the benefit of all beneficiaries entitled to bring this action." [Compl., Intro. and ¶¶ 3 and 55; *Texas Health*

LAW OFFICES OF
ROBERT A. BALL
225 BROADWAY, SUITE 2200
SAN DIEGO, CA 92101-5019
TELEPHONE 619-234-3913

*Enterprises, Inc. v. Geisler, supra,* 9 S.W.3d at 169-170; *Martone, supra,* 2015 WL 9259089, at *2] Further, "[it] is not, however, necessary for the suit to be brought with the knowledge and consent of all the beneficiaries; it is enough that the suit appear to be brought for their benefit." [*Martone, supra,* 2015 WL 9259089, at *2] To name Mr. Jaeger as a plaintiff at this stage of the proceedings, who knowingly chose not to timely file his claim, and is therefore time-barred, would also arguably run afoul of Rule 11 of the Federal Rules of Civil Procedure, which prohibits the filing of an obviously meritless claim. [Fed. R. Civ. P. 11(b)(1)(2); *Ruiz v. Guerra,* 293 S.W.3d 706, 716-717 (Tex. App. 2009) (standing of a wrongful death beneficiary to bring a single suit on behalf of all such beneficiaries has no bearing on whether other statutory beneficiaries' individual claims are barred by the statute of limitations.).]

     Plaintiff has clearly satisfied Section 71.004's pleading requirement that she allege that she brings suit for the benefit of all statutory beneficiaries. Also, the purpose of Section 71.004 is to protect a defendant from multiple suits arising out of the same death, and in this instance, that purpose has clearly been served. Mr. Jaeger's potential wrongful death claim is clearly time-barred. Accordingly, Plaintiff is the sole remaining statutory beneficiary. [*McPeak-Torres v. Texas, supra,* 2015 WL 12748276, at *2.] To argue that these proceedings must now be abated because Plaintiff has not specifically named Mr. Jaeger as a party, in light of the applicable statutory and case law, relevant facts and the allegations of the Complaint that Plaintiff brings suit for the benefit of all statutory beneficiaries, is simply nonsensical form over substance.

**VI.  CONCLUSION AND PRAYER**

For the reasons stated herein, Plaintiff requests that the Court deny the Motion.

DATED: October 11, 2019          LAW OFFICES OF ROBERT A. BALL

By:   */s/ Robert A. Ball*
ROBERT A. BALL, SBN (CA) 00761
JOHN M. DONNELLY, SBN (CA) 156965
ADMITTED *PRO HAC VICE*
Plaintiffs KAREN DI PIAZZA,
Individually and as Natural Mother to CORBIN JAEGER and as Executor/Administrator/Representative of the Estate of CORBIN JAEGER, DECEASED
225 Broadway, Suite 2220
San Diego, California 92101
Telephone (619) 234-3913; Fax (619) 234-4055
rball@robertballapc.com
jdonnelly@robertballapc.com

DATED: October 11, 2019          MCCLESKEY HARRIGER BRAZILL & GRAF LLP

By:   */s/ Benjamin H. Davidson, II*
BENJAMIN H. DAVIDSON, II, SBN 05430590
MARY KATHLEEN DAVIDSON, SBN 24070919
Plaintiffs KAREN DI PIAZZA,
Individually and as Natural Mother to CORBIN JAEGER and as Executor/Administrator/Representative of the Estate of CORBIN JAEGER, DECEASED
5010 University Avenue, 5th Floor
Lubbock, Texas 79413
Telephone (806) 796-7306; Fax (806) 796-7365
bdavidson@mhbg.com
kdavidson@mhbg.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 10th day of October, 2019, I personally conferred with Richard Miller, counsel for Defendants by email, regarding Defendants' Motion to Abate ("Motion") and Plaintiff's need to file a written response to the Motion. I requested that Defendants withdraw the Motion because it was rendered moot by the Court's allowing Plaintiff to file a Third Amended Complaint, which Plaintiff believes adequately addresses the Motion's arguments that the operative pleading does not comply with Tex. Civ. Prac. & Rem. Code § 71.004's pleading requirements for wrongful death claims. In response, Attorney Miller indicated that Defendants did not agree that the Motion had been rendered moot by the filing of the Third Amended Complaint, and therefore, Defendants would not agree to withdraw the Motion. Accordingly, the parties could not reach agreement on the Motion because they disagree as to the applicable law related to this issue and Plaintiff filed this response.

/s/ John M. Donnelly
John M. Donnelly

ROBERT A. BALL
225 BROADWAY, SUITE 2200
SAN DIEGO, CA 92101-5019
TELEPHONE 619-234-3913

8

PL.'S RESP. TO DEFS. WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S MOT. TO ABATE

## CERTIFICATE OF SERVICE

The undersign hereby certifies that he has served the above and forgoing document in accordance with applicable procedural rules, via ECF, on all counsel of record on this 11th day of October, 2019.

| | |
|---|---|
| DOUGLAS D. FLETCHER<br>Email: doug.fletcher@fletcherfarley.com<br>DAVID C. COLLEY<br>Email: david.colley@fletcherfarley.com<br>FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P<br>9201 N. Central Expressway, Suite 600<br>Dallas, Texas 75231<br>Phone: 214-987-9600<br>Fax: 214-987-9866 | CATHERINE L. HANNA<br>Email: channa@hannaplaut.com<br>LAUREN L. BURGESS<br>Email: lburgess@hannaplaut.com<br>HANNA & PLAUT, L.L.P<br>211 East Seventh Street, Suite 600<br>Austin, Texas 78701<br>Phone: 512- 472-7700<br>Fax: 512- 472-0205 |
| Mr. Robert B. Wagstaff<br>McMahon Surovik Suttle, P.C.<br>P.O. Box 3679<br>Abilene, Texas 79604<br>E-mail: rwagstaff@mcmahonlawtx.com | Mr. Mark W. McBrayer<br>Crenshaw, Dupree & Milam, L.L.P.<br>P.O. Box 64479<br>Lubbock, Texas 79464-4479<br>E-mail: mmcbrayer@cdmlaw.com |

                                         /s/ Robert A. Ball_____
                                         ROBERT A. BALL

LAW OFFICES OF
ROBERT A. BALL
225 BROADWAY, SUITE 2200
SAN DIEGO, CA 92101-5019
TELEPHONE 619-234-3913

9

PL.'S RESP. TO DEFS. WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL AND WEATHER GROUP, LLC'S MOT. TO ABATE