CHU.24544

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KAREN DI PIAZZA, Individually and as Mother to CORBIN JAEGER and as Personal Representative of the Estate of CORBIN LEE JAEGER, Deceased,<br>　　　　Plaintiff,<br><br>VS.<br><br>WEATHER GROUP TELEVISION, LLC dba THE WEATHER CHANNEL, a Georgia limited liability company; WEATHER GROUP, LLC, a Delaware limited liability company, et al.<br><br>　　　　Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:19-CV-060-C |

**DEFENDANT WEATHER GROUP TELEVISION, LLC'S
MOTION TO QUASH AND FOR PROTECTION**

WEATHER GROUP TELEVISION, LLC, a Defendant in the above-entitled and numbered cause (hereinafter "WGT" or "Movant") moves pursuant to FED. R. CIV. P. 26(c)(1) for an order forbidding Plaintiff from taking six oral depositions of employees of WGT she noticed to take place in Atlanta, Georgia on April 5, 6, and 9, 2021.  (Exhibits 1-6.)  Plaintiff made no effort to cooperate with WGT in scheduling *any* of those depositions prior to issuing her six notices.  In any event, WGT would show the Court that it previously worked with Plaintiff to schedule five of the six people whose deposition notices are the subject of this Motion (plus a deposition of WGT under Rule 30(b)(6)) for depositions to take place during the period December 1 - 4, 2020 and, after WGT and its attorneys invested considerable effort and expense to prepare for those depositions, Plaintiff unilaterally cancelled them shortly before they were to occur although WGT was ready and willing to move ahead to have them taken and advised Plaintiff's counsel that it preferred to get the depositions finished.  Now, Plaintiff seeks again to require WGT to prepare for five of the same depositions previously scheduled to be done last December.  WGT asks the

Court for an order quashing the six deposition notices which are the subject of this Motion and ordering that Plaintiff may not take at any time any of the depositions that were scheduled to take place last December and then cancelled by Plaintiff.

## GENERAL BACKGROUND

Three of the employees of WGT whose depositions are sought are Nora Zimmett, Howard Sappington, and Ryan Sloane. Plaintiff has requested their depositions several times. WGT cooperated in offering dates for their depositions *on three different occasions* during 2020, offering dates for their depositions in late August, October, and December. The dates offered by WGT in August and October were rejected by Plaintiff on the mysterious grounds that, since Plaintiff wished to serve document requests along with her deposition notices, she would need to be provided dates at least thirty days after the dates were offered by WGT so that Plaintiff could comply with a supposed rule providing the witnesses at least thirty days after service of the deposition notices to comply with the document requests. Thus, the dates offered in August and October were rejected by Plaintiff's counsel notwithstanding that Rule 34(c) provides that nonparties may be compelled to produce documents as provided in Rule 45 which does not provide a thirty-day advance notice for document requests to the nonparty, only "reasonable time to comply." Rule 45(d)(3)(A)(i).

In October 2020, Plaintiff again requested the depositions of Zimmett, Sappington, and Sloane, along with a deposition of WGT employee Carl Parker and the deposition of WGT under Rule 30(b)(6), specifying that the depositions were to take place within the window of time commencing November 30, 2020 and ending December 11, 2020 and providing a proposed notice with topics for the deposition of WGT along with document requests. All of those depositions subsequently were scheduled, after consultation between Plaintiff and WGT, to take place during

December 2 - 4, 2020.[1] (Exhibit 7.) However, Plaintiff then began to get cold feet about the whole thing because she wanted to mediate, postpone the trial date, and get a new date for the completion of discovery. Also, unspoken, Plaintiff's counsel apparently did not wish to undertake the cost of the depositions if the case were to be resolved. While one can sympathize with the desire to save litigation expense, no thought apparently was given to the time, expense, and effort already invested by WGT and its attorneys in preparing for the depositions when, on November 24, 2020, Plaintiff's counsel unilaterally cancelled the depositions after being advised by counsel for WGT:

> Our position on the depos is that we are ready to go forward and already have invested the work and time to get prepared for them. So, if they are rescheduled, we have to redo a considerable amount of work. You of course can cancel them on your own and we understand that. But, that's your call. If they are to be taken, we prefer to get them done next week.

(Exhibit 8.)[2]

Plaintiff already has taken five oral depositions for this case including: Tom Lea of WGT on August 5, 2020; Michael Chesterfield of WGT on August 6, 2020; William Higgs of WGT on August 6, 2020; John Haxby on August 20, 2020; and Kathryn Prociv on September 4, 2020. If Plaintiff is permitted to take the depositions currently noticed, she will have taken more than the ten depositions she is entitled to take under the Rules without first obtaining leave of Court. Rule 30(a)(2). WGT objects to Plaintiff being permitted to take *any* of the depositions that were scheduled to take place last December and then cancelled by Plaintiff inasmuch as she already has had ample opportunity to conduct that discovery, but failed to take advantage of that opportunity. Rule 26(b)(2)(C)(ii). Moreover, allowing Plaintiff the enjoyment of the deposition notices she now insists upon after having turned down the opportunity to take the depositions scheduled to occur last December will result in WGT incurring again a lot of the same expense it incurred to

---

[1] Eventually, the start date of the depositions was changed to December 1, 2020.
[2] While Plaintiff's counsel Mr. Donnelly replied that WGT already had agreed not to oppose a motion by Plaintiff to continue the then-existing deadline for the completion of discovery, WGT vigorously contests that assertion.

**DEFENDANT WEATHER GROUP TELEVISION, LLC'S MOTION TO QUASH AND FOR PROTECTION**                                                                                                           Page 3

prepare for the depositions that were to have taken place last December, resulting in undue burden and expense to WGT. Rule 26(c)(1).

## ARGUMENT AND AUTHORITY

A. **Plaintiff's Opportunity to Obtain Discovery and Lack of Diligence**

Plaintiff has had plenty of time to request and take oral depositions in this action. The discovery period opened June 4, 2019—now almost 22 months ago. The initial Scheduling Order required that motions for summary judgment be filed by June 1, 2020. WGT timely filed its pending Motion for Summary Judgment on June 1, 2020.[3] The first time counsel for Plaintiff even *suggested* the idea of taking *any* oral deposition in this action was on June 5, 2020, when Plaintiff's lead counsel, Mr. Ball, telephoned WGT's counsel to advise that Plaintiff was going to seek an extension of time to respond to the summary judgment motions and wished to take the oral depositions of the authors of two supporting declarations made by WGT personnel, Tom Lea and Bill Higgs. But even then, Plaintiff never sought scheduling of those depositions until sending a written request to schedule the depositions of Lea, Higgs, and another employee of WGT, Mike Chesterfield on July 2, 2020, requesting that they be produced for deposition during the last week of July or the first week of August 2020.[4]

Not until July 8, 2020 did Plaintiff seek the scheduling of any of the six depositions that eventually was scheduled to be taken beginning December 1, 2020. On July 8, Mr. Donnelly

---

[3] WGT and former Defendant Weather Group, LLC both filed summary judgment motions on June 1, 2020. Plaintiff subsequently agreed to dismiss her claims against Weather Group, LLC.

[4] The depositions of Lea, Higgs, and Chesterfield were taken in Atlanta on August 5 and 6, 2020 in a virtually empty law office with a court reporter, videographer, the witness, a defense attorney for WGT, and a representative of WGT in attendance. Precautions were taken against the transmission of COVID and nobody is known to have been made sick. Plaintiff's counsel and counsel for the other Defendants participated in the depositions remotely. Plaintiff's attorney conducted all three depositions from the comfort and safety of his own office in San Diego, California. Although Plaintiff's counsel Donnelly cited "the current pandemic situation" as a reason for not proceeding with the depositions in December 2020 (Exhibit 8), there is *no* reason from a safety standpoint why the December 1, 2020 depositions could not have been conducted entirely safely for Plaintiff's counsel. He could have done them from his home had he wished.

**DEFENDANT WEATHER GROUP TELEVISION, LLC'S MOTION TO QUASH AND FOR PROTECTION**                                                                                                                                   Page 4

requested the scheduling of WGT personnel Nora Zimmett, Howard Sappington, and Ryan Sloane. On July 30, 2020, WGT offered the dates August 27-28 for their depositions in Atlanta. (Doc. 153-1, App. 29.) However, those dates were rejected on the questionable grounds that Plaintiff's counsel wanted to serve requests for production of documents on the witnesses, all WGT employees, and claimed that Rule 34 would apply to such requests such that they had to be served at least 30 days prior to the depositions. (Doc. 153-1, App. 28.) However, this belief on the part of Plaintiff's counsel clearly is erroneous since none of those witnesses is a party to the suit. Therefore, per Rule 34(c), Rule 45 governs requests for documents served on a non-party deposition witness and Rule 45 does not contain a 30-day notice requirement.[5] Mr. Donnelly demanded a waiver of the imagined 30-day notice requirement and, failing that, rejected the August dates and requested new proposed deposition dates.

On September 22, 2020, WGT again offered dates for the depositions of Zimmett, Sappington, and Sloane beginning October 14, 2020. Mr. Donnelly again raised the specter of document requests he wished to make on these non-party witnesses and his belief that they would be governed by Rule 34, and demanded that the thirty-day notice requirement under Rule 34 be waived. But he provided no idea of what documents he intended to ask be produced and said that if the requested waiver were not made, the witnesses simply would be subpoenaed by Plaintiff. (Doc. 153-1, App. 41.) However, no subpoenas were issued and no depositions of Zimmett, Sappington, and Sloane took place in October.

Plaintiff then made a request on October 21, 2020 that WGT not only produce Zimmett, Sappington, and Sloane for deposition during the first two weeks of December 2020, but also (1) produce WGT employee Carl Parker for deposition; (2) provide the deposition of WGT under Rule

---

[5] Moreover, *at any time and independently of any deposition*, Plaintiff's counsel could have issued subpoenas for documents to be served on the deposition witnesses under Rule 45 *but never did so*.

<u>**DEFENDANT WEATHER GROUP TELEVISION, LLC'S MOTION TO QUASH AND FOR PROTECTION**</u>                                                                                         Page 5

30(b)(6) on 14 broad topics; and (3) respond on the day of WGT's deposition to another 32 document requests to WGT.[6]  WGT responded that all of the requested depositions could take place in Atlanta commencing on December 1, 2020, and that WGT would produce two witnesses to testify for it in response to the 14 topics designated in a proposed Rule 30(b)(6) notice to WGT. WGT and the other witnesses rearranged their schedules, diligently prepared for their depositions, and were prepared to go forward to get them accomplished when Plaintiff unilaterally decided on November 24, 2020 not to proceed with them.  If the depositions now noticed are to go forward, WGT will have to redo a considerable amount of work to get ready for them but should not be put to double expense when the depositions easily could have been taken and finished last December.

**B.     Undue Burden and Expense to WGT**

Rule 26(c) allows this Court to prevent a party from causing another party undue burden or expense.  WGT already incurred significant expense and disruption of its operations, with the attendant costs of lost employee time and attorneys fees incurred, last fall in preparing for the depositions sought and then cancelled without good cause by Plaintiff.  Now, Plaintiff whimsically seeks to require WGT to undergo repeat deposition preparation costs, attorneys fees, and the disruption of its operations necessarily caused by six of its employees being taken away from their normal duties to again focus on the issues presented by this lawsuit.

**C.     Conclusion**

Plaintiff easily could have conducted most of the discovery she now seeks to conduct by her pending deposition notices, plus the deposition of WGT, last December.  But, for her own

---

[6] Plaintiff already had served on WGT, and WGT had responded to, 240 requests for production in this action, producing a massive volume of electronically stored data and documents.  While Plaintiff continues to want to serve document requests on the WGT employees she now wishes to depose by the notices made the subject of this Motion and has included a total of 313 document requests in the Notices attached hereto as Exhibits 1 – 7, it is difficult to understand what Plaintiff could be in search of that has not already been revealed by WGT's responses to the 240 document requests already served on it by Plaintiff.

<u>**DEFENDANT WEATHER GROUP TELEVISION, LLC'S MOTION TO QUASH AND FOR PROTECTION**</u>                                                                                                    Page 6

reasons and convenience, she cancelled the December depositions on a whim without regard for the additional expense and inconvenience it might cause WGT to renew her request for that discovery. She should not be allowed to treat her opponent like a yo-yo. She has had 22 months within which to accomplish her discovery goals, but clearly has not exercised diligence to obtain depositions and nonparty document discovery. Even though she says she now needs response to another 313 document requests to nonparty employees of WGT as part of her requested depositions, she *never has propounded nonparty document discovery under Rule 45 to any* of those *employees* during the 22 months of discovery time which have slipped away since June 2019 when discovery began. Moreover, no reason is shown why 313 more document requests to employees of WGT are not cumulative or duplicative of Plaintiff's 240 document requests already propounded to and responded to by WGT.[7] Rule 26(b)(2)(C)(i). She passed up a golden opportunity to obtain last December nearly all the discovery she now demands. Rule 26(b)(2)(C)(ii).

**WHEREFORE, PREMISES CONSIDERED,** Defendant Weather Group Television, LLC prays that the Court grant this Motion; quash the six deposition notices reflected by Exhibits 1 through 6 hereto; order that Plaintiff shall not take, at any time, the oral deposition of any of the persons or entity whose deposition was scheduled for this lawsuit in December 2020 and then cancelled by Plaintiff as described hereinabove; and for such other relief to which Defendant Weather Group Television, LLC may be justly entitled.

---

[7] Plaintiff's first Rule 34 request for production to WGT included 125 requests. (Exhibit 9.) Her second Rule 34 request for production to WGT included 115 requests. (Exhibit 10.)

        Respectfully submitted,

/s/Douglas D. Fletcher
**DOUGLAS D. FLETCHER**
Attorney in Charge
State Bar No.: 07139500
Email: doug.fletcher@fletcherfarley.com
**RICHARD G. MILLER**
State Bar No. 14107500
Email: richard.miller@fletcherfarley.com

**FLETCHER, FARLEY, SHIPMAN**
**& SALINAS, L.L.P**

9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
Telephone: 214/987-9600
Facsimile: 214/987-9866 FAX

**ATTORNEYS FOR DEFENDANT**
**WEATHER GROUP TELEVISION, LLC**

### CERTIFICATE OF CONFERENCE

      This Motion is opposed. Movant has in good faith conferred with legal counsel for Plaintiff in an effort to resolve the dispute without court action. Weather Group Television, LLC attorney Richard G. Miller conferred with Plaintiff's attorney Robert Ball on March 15 – 16, 2021. Mr. Ball says that the deposition notices which are the subject of this Motion were timely and properly served on Weather Group Television, LLC prior to the current discovery cut-off date. Mr. Ball also wants WGT to agree to another continuance of the trial date and deadline for completion of discovery.

        /s/Richard G. Miller
        **RICHARD G . MILLER**

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the foregoing has been served via the ECF filing system on all known counsel of record on this the 22nd day of March 2021 in accordance with Rule 5 of the Federal Rules of Civil Procedure.

/s/Douglas D. Fletcher  
**DOUGLAS D. FLETCHER**